UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ELECTRO-BRAND, INC., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No. 17 C 3554 |
| v. | ) |  |
|  | ) | Chief Judge Rubén Castillo |
| MEM-CE, L.L.C., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff Electro-Brand, Inc. ("Electro-Brand") brings this diversity action[1] against Defendant MEM-CE, L.L.C. ("MEM-CE") alleging breach of contract. (R. 1, Compl.) Before the Court is MEM-CE's motion for a jury trial on its counterclaims, (R. 28, Mot.), and Electro-Brand's motions to strike MEM-CE's jury demand, (R. 42, Second Mot. to Strike; R. 77, Third Mot. to Strike). For the reasons stated below, the Court denies MEM-CE's motion for a jury trial and correspondingly grants Electro-Brand's motions to strike.

## BACKGROUND

Electro-Brand filed this action on May 11, 2017, alleging breach of contract arising out of a Master Supply Agreement ("MSA") executed by the parties in September 2014. (R. 1, Compl. ¶ 6.) The MSA allegedly required Electro-Brand to arrange for the manufacture, production, and

---

[1] The Court has subject-matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and is between citizens of different states. 28 U.S.C. § 1332(a). MEM-CE, L.L.C. is a limited liability company whose members are Minnesota corporations with their principal places of business in Minnesota, and Electro-Brand is an Illinois corporation with its principal place of business in Illinois. (R. 84, Pl.'s Answer to Third Am. Countercls.) The parties, therefore, are citizens of different states. *See Dexia Credit Local v. Rogan*, 629 F.3d 612, 620 (7th Cir. 2010) (noting that the citizenship of a corporation is the corporation's state of incorporation and the state where the corporation has its principal place of business); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("[T]he citizenship of a limited liability company is the citizenship of each of its members."). The amount in controversy exceeds $75,000. (R. 84, Pl.'s Answer to Third Am. Countercls.) The Court, therefore, has subject-matter jurisdiction over this case.

assembly of consumer electronic products for MEM-CE. (*Id.*) Electro-Brand alleges that MEM-CE breached the MSA by failing to pay for the consumer electronic products after Electro-Brand arranged for their manufacture, production, and assembly. (*Id.* ¶¶ 6-11.)

On June 14, 2017, MEM-CE filed its initial counterclaims against Electro-Brand, which alleged breach of contract, unjust enrichment, and breach of fiduciary duty. (R. 8, Answer ¶¶ 23-55.) Specifically, MEM-CE claimed that Electro-Brand breached the MSA by: requiring MEM-CE to place orders directly with product manufacturers instead of through purchase orders with Electro-Brand, (Count I); failing to notify MEM-CE of a third party's alleged unauthorized registration of MEM-CE's intellectual property, (Count II); and retaining excessive commission payments, (Count III). (*Id.* ¶¶ 23-44.) MEM-CE also asserted that Electro-Brand unjustly enriched itself by retaining such excessive commission payments, (Count IV), and that Electro-Brand breached an alleged fiduciary duty owed to MEM-CE by failing to disclose the unauthorized registration of MEM-CE's intellectual property and excessive commission payments, (Count V). (*Id.* ¶¶ 45-55.)

On June 27, 2017, MEM-CE filed an amended answer and counterclaims, which did not include a jury demand. (R. 11, Am. Answer.) Up to that point, none of MEM-CE's pleadings included a jury demand, and neither party had filed a written jury demand. (R. 1, Compl.; R. 8, Answer; R. 9, Pl.'s Answer to Countercls.; R. 11, Am. Answer.) Subsequently, on July 25, 2017, the parties filed their joint initial status report, in which the parties agreed that "[n]either party has requested a trial by jury." (R. 14, Initial Status Report at 2.) On October 3, 2017, MEM-CE filed its first written jury demand. (R. 22, Jury Demand.) On October 5, 2017, Electro-Brand filed a motion to strike MEM-CE's jury demand as untimely, which this Court granted on October 10, 2017. (R. 23, First Mot. to Strike; R. 26, Min. Entry.)

Shortly thereafter, on October 12, 2017, MEM-CE filed a motion for jury trial. (R. 28, Mot.) MEM-CE claims that its failure to file a timely jury demand was due to "attorney oversight and inadvertence." (R. 28, Mot.; R. 29, Mem. at 7-8.) MEM-CE attaches to its motion an affidavit from its counsel, who states that on September 29, 2017, she discovered that she failed to file a jury demand in the case and therefore promptly filed a jury demand on October 3, 2017. (R. 29-1, Saber Aff.) In response, Electro-Brand argues that MEM-CE waived its right to a jury trial. (R. 37, Resp.) Electro-Brand maintains that: the Court should not exercise its discretion to grant MEM-CE's motion because MEM-CE's jury demand was untimely; "inadvertence" fails to excuse MEM-CE's untimeliness; and Electro-Brand would be prejudiced if the Court granted the request for a jury trial. (R. 37, Resp. at 3-8.)

With its motion for a jury trial pending, MEM-CE again amended its counterclaims on October 25, 2017, to plead that Electro-Brand acted intentionally, and to add a claim for breach of the covenant of good faith and fair dealing. (R. 39, Second Am. Answer ¶¶ 38, 45, 53, 61-68.) The operative facts of the second amended counterclaims, however, remained the same, (*id.*), and MEM-CE filed a jury demand along with its second amended counterclaims, (R. 41, Jury Demand). Electro-Brand moved to strike that jury demand the following day. (R. 42, Second Mot. to Strike.) On October 31, 2017, the Court took Electro-Brand's motion to strike under advisement and notified the parties that it would rule on the motion to strike when it rules on MEM-CE's underlying motion for jury trial. (R. 45, Min. Entry.)

Then, on December 29, 2017, MEM-CE amended its counterclaims a third time to bring an additional breach of contract claim for Electro-Brand's alleged failure to inspect goods pursuant to the MSA. (R. 75, Third Am. Answer ¶¶ 50-54.) The third amended counterclaims are the most recent and operative counterclaims in this case.

With its third amended counterclaims, MEM-CE filed another jury demand, (R. 76, Jury Demand), and the next day, Electro-Brand again moved to strike the jury demand, (R. 77, Third Mot. to Strike). The Court, as it did with the second motion to strike, took this third motion to strike under advisement. (R. 82, Min. Entry.) This case has been pending now for over nine months, and the scheduling order currently in effect provides that the parties will complete all discovery on April 2, 2018. (R. 100, Min. Entry.)

## LEGAL STANDARD

"On any issue triable of right by a jury, a party may demand a jury trial by serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served[.]" FED. R. CIV. P. 38(b). Pursuant to Rule 39(b) of the Federal Rules of Civil Procedure, the Court may, on motion, order a jury trial on any issue for which a jury might have been demanded. FED. R. CIV. P. 39(b). The Court must "approach each application under Rule 39(b) with an open mind and an eye to the factual situation of that particular case, rather than with a fixed policy." *Members v. Paige*, 140 F.3d 699, 703 (7th Cir. 1998) (citation omitted); *see also Lee v. Love's Travel Stops &, Country Stores, Inc.*, No. 1:15-CV-07774, 2016 WL 1271052, at *1 (N.D. Ill. Mar. 29, 2016) (following the same principle in its analysis on a motion for jury trial). Rule 39(b) grants "wide discretion" to grant untimely jury demands. *Long v. Hull*, 95 F.3d 1154 (7th Cir. 1996); *Merritt v. Faulkner*, 697 F.2d 761, 766-67 (7th Cir. 1983) (noting that "Rule 39(b) grants wide discretion to the federal courts in considering untimely jury demands," a discretion that "must be exercised in the context of the interest asserted"). "Untimely jury requests should be allowed absent strong and compelling reasons to the contrary." *Lee*, 2016 WL 1271052, at *1.

4

The Court's discretion to grant an untimely jury demand, however, may only be exercised when a "good reason for the belated demand is shown." *Olympia Express, Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 352 (7th Cir. 2007). "[M]ere inadvertence does not justify relief from the consequences of making an untimely jury request." *Lee*, 2016 WL 1271052, at *2; *Ma v. Cmty. Bank*, 686 F.2d 459, 470 (7th Cir. 1982) ("As a general rule, mere inadvertence will not justify relief from a waiver of the right to trial by jury; some other reason for relief must be shown."). The Court may excuse a party's untimeliness and order a trial by jury if the balance of the following factors weigh in favor of granting such relief: "(1) whether the issues involved are best tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of delay; and (5) the reason for the movant's tardiness in demanding a jury trial." *Lee*, 2016 WL 1271052, at *2; *Kirsch v. Brightstar Corp.*, No. 12 C 6966, 2014 WL 5166527, at *2 (N.D. Ill. Oct. 10, 2014) (listing the same factors). The Court may exercise its discretion to grant a motion for a jury trial where the "totality of the circumstances surrounding the untimely jury demand indicates that there is some colorable justification for [it] and that noncompliance has no substantive effect on the other party." *Kirsch*, 2014 WL 5166527, at *2 (citation omitted). The Court's reasoning must "reflect a balancing of all five factors[.]" *Lee*, 2016 WL 1271052, at *2.

## ANALYSIS

MEM-CE does not dispute that its jury demand was untimely because it failed to file a written jury demand until more than three months after filing its amended counterclaim. (*See* R. 29, Mem. at 3-4, 8.) Nor is there any dispute that a party waives its right to a jury trial if it fails to file a written jury demand within 14 days of its last pleading, which MEM-CE failed to do in

5

this case.[2] FED. R. CIV. P. 38(b), (d); *see also Fidlar Techs. v. LPS Real Estate Data Sols., Inc.*, No. 413CV04021SLDJEH, 2014 WL 12773802, at *1 (C.D. Ill. Sept. 29, 2014) (noting that a party waives its right to a jury trial unless its jury demand is properly served and filed). MEM-CE argues that despite such waiver, the Court may still exercise its discretion to excuse MEM-CE's untimeliness. (R. 29, Mem. at 3-4, 8.) MEM-CE, however, fails to satisfy its burden. As noted above, MEM-CE must show that the Court should excuse MEM-CE's untimeliness considering the following factors: "(1) whether the issues involved are best tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of delay; and (5) the reason for the movant's tardiness in demanding a jury trial." *Lee*, 2016 WL 1271052, at *2. Applying the factors to this case, the Court declines to excuse MEM-CE's untimely jury demand.

The Court first considers the last factor—the reason for MEM-CE's tardiness—which the Court finds to be the most significant consideration in this case. *Olympia Express, Inc.*, 509 F.3d at 352. MEM-CE fails to provide any justifiable reason for its failure to file a timely jury demand, and therefore this factor weighs against MEM-CE. *See Mynatt v. Schneeberger*, No. 07-C-717, 2008 WL 1927375, at *2 (E.D. Wis. Apr. 29, 2008) ("Without being provided any reason

---

[2] MEM-CE argues in the alternative that its jury demand was timely because its amended pleadings raised new issues that extended the time for MEM-CE to file a jury demand. (R. 44, Reply at 2.) This argument, however, was not raised in MEM-CE's initial motion and was raised for the first time in its reply brief. *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 249 F.R.D. 530, 536 (N.D. Ill. 2008) ("Reply briefs are for replying, not for raising new arguments or arguments that could have been advanced in the opening brief."). Putting aside MEM-CE's failure to raise this issue in its initial motion, MEM-CE's amended counterclaims do not raise new issues that would extend the time for filing a jury demand. MEM-CE's amended pleadings do not alter the gravamen of its claims and merely add new legal theories or more particularized facts related to the same commercial transaction and universe of facts that were already in MEM-CE's original and first amended counterclaims. *See Epstein v. Epstein*, No. 14 C 8431, 2017 WL 2779793, at *2 (N.D. Ill. June 27, 2017) (observing that amended pleadings fail to extend the deadline for filing a jury demand where they do not alter "the substantive basis of the request for relief" and "the gravamen of the alleged wrongdoing"); *Commc'ns Maint., Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1208 (7th Cir. 1985) (ruling that a right to jury trial is not revived by pleadings that fail to raise new factual issues but merely raise new legal theories or more particularized facts).

upon which to consider the plaintiff's request, the court is unable to exercise its discretion . . . and therefore the presumption that the jury trial is waived in this case prevails."); *In re Glenn*, 359 B.R. 200, 210 (Bankr. N.D. Ill. 2006) (denying motion for jury trial because "no convincing answer has been provided as to why there was any delay in a jury demand"). MEM-CE asserts that its failure was caused by "attorney oversight and inadvertence" during a period where all efforts were focused on settlement discussions. (R. 29, Mem. at 7-8.) This argument is not convincing, however, because the parties' initial status report filed on July 25, 2017, and signed by both parties' counsel, (R. 14, Initial Status Report at 2), reflects a conscious desire to forgo a jury trial rather than any inadvertence or oversight by MEM-CE's counsel. *Cf. Taylor v. BEX, Inc.*, No. 1:11-CV-1648-SEB-DKL, 2013 WL 12291877, at *2 (S.D. Ind. Apr. 5, 2013) ("Plaintiff's agreement to trial by jury in the parties' jointly proposed [case management plan] also indicates that [the plaintiff] has no objection to, or interests opposing, trial by jury.").

The remaining factors do not weigh in MEM-CE's favor. With respect to the first factor, there is no clear indication that a jury or bench trial would be more beneficial in this case. MEM-CE argues, without support, that this case will involve credibility determinations more suitable to a jury. (R. 29, Mem. at 4-5.) MEM-CE does not present any compelling reason that a particular witness in this case has credibility issues or that this case is particularly fact-sensitive. *Cf. Williams v. Hainje*, No. 4:06 CV 121 AS, 2007 WL 2700501, at *4 (N.D. Ind. Sept. 10, 2007) (granting motion for jury trial because the plaintiff's claim was "particularly fact sensitive"); *Advert. to Women, Inc. v. Gianni Versace S.p.A.*, No. 98 C 1553, 1999 WL 717906, at *3 (N.D. Ill. Aug. 9, 1999) (granting jury trial in case that had "many issues properly categorized as questions of fact"). There is also no indication that this case—a rather straightforward

7

commercial dispute and collection action on unpaid invoices—involves credibility issues better suited for a jury than a judge.

The Court finds that the second factor weighs against a jury trial, because a jury trial, jury instructions, and selection of a jury could potentially prolong this case, which has already progressed slowly and, after nine months, is near the close of discovery. MEM-CE is mistaken that discovery "has just begun" and "the Court has not yet even issued a Scheduling Order," (R. 29, Mem. at 5), as the Court has ordered the parties to finish discovery by April 2, 2018, a date that is approaching quickly. (*See* R. 15, Report of Rule 26(f) Meeting at 2; R. 100, Min. Entry.) As to the third factor, Electro-Brand notes that it will be unfairly prejudiced by a jury trial due to the additional cost and time imposed by a jury trial. (R. 37, Resp. at 6.) Additionally, "[t]he reason that Rule 38(b) of the civil rules sets a tight deadline for demanding a jury trial is that preparation for a trial often depends critically on whether it will be a jury trial or a bench trial." *Olympia Express, Inc.*, 509 F.3d at 351. Specifically, "[j]ury consultants, mock juries, and submission of questions for jury voir dire are illustrations of the preparations that lawyers make for jury trials but not for bench trials." *Id.* "Knowing which kind of trial it will be may also facilitate settlement by dispelling a material uncertainty, since some claims are known to be more appealing to juries than to judges, and vice versa." *Id.* The parties have proceeded on the assumption that this action will be tried as a bench trial and have carried out their litigation strategy accordingly. (*E.g.*, R. 37, Resp. at 6 (noting that Electro-Brand has pursued strategies to seek a more expeditious means of trying the case to avoid excessive litigation costs).) Therefore, the resulting prejudice to Electro-Brand and disruption to the Court's and Electro-Brand's schedules caused by a jury trial weigh against granting MEM-CE's belated motion.

The Court finds that the fourth factor—the length of MEM-CE's delay—does not weigh in MEM-CE's favor. MEM-CE's belated jury demand was not really a delay but appears to be a change of strategy by MEM-CE, as it withheld any objection to a bench trial in the parties' initial status report and represents that it sought a jury trial when it became apparent that the parties could not reach a settlement. (R. 14, Initial Status Report at 2 (both parties agreeing that neither of them requested a jury trial); R. 29, Mem. at 2 ("On October 3, 2017, and when it became apparent that the parties' early settlement discussions would be unlikely to produce a settlement, MEM-CE filed a Jury Demand.").) Altogether, the relevant factors do not justify an exercise of the Court's discretion to grant MEM-CE's motion for a jury trial. Accordingly, the Court denies MEM-CE's motion for a jury trial and grants Electro-Brand's motions to strike.

## CONCLUSION

For the foregoing reasons, MEM-CE's motion for a jury trial (R. 28) is DENIED, and Electro-Brand's motions to strike (R. 42; R. 77) are GRANTED. The parties shall appear for a status hearing on March 20, 2018, at 9:45 a.m., for the specific purpose of setting a date for an expedited bench trial. The parties are DIRECTED to revisit their settlement positions in light of this opinion and to exhaust all settlement possibilities prior to the status hearing.

ENTERED:

Chief Judge Rubén Castillo
United States District Court

**Dated: March 7, 2018**